**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERK'S OFFICE

'6 JUL 22  PM 1 59

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. *16- 10209* |
| v. | ) | |
| | ) | 18 U.S.C. § 1341 – Mail Fraud |
| MANUEL PONCE VAZQUEZ, | ) | |
| a/k/a ANTOINE GERARD NOURRAIN, | ) | 18 U.S.C. § 981(a)(1)(C) and |
| a/k/a DANIEL DENNIS HENDRICKX | ) | 28 U.S.C. § 2461(c) – Mail Fraud |
| | ) | Forfeiture Allegation |
| Defendant | ) | |

### Information

The United States Attorney charges that:

1.      Beginning no later than August 2013 and continuing until at least February 2016,
the defendant, MANUEL PONCE VAZQUEZ, together with others known and unknown to the
United States Attorney, participated in a scheme to defraud law firms and non-profit institutions,
including charities, using false pretenses and fraudulent checks.

2.      In general, the scheme operated using one of two fraudulent stratagems:

a.      Using an alias, a member of the fraud conspiracy contacted a law firm
posing as a potential client—generally a British architectural firm—that was
purportedly seeking assistance collecting a debt from a person located near the
law firm. Before the firm had acted to collect the debt, however, it received in the
mail what appeared to be a cashier's check from the purported debtor in the full
amount of the debt. Thereafter, the purported client asked the firm to deposit the
check, retain its fee, and forward the remainder of the check's purported value to
another person. In some instances, this person was PONCE VAZQUEZ, using
either his own name or an alias. In fact, the purported cashier's check was a

forgery, as the firm discovered after it had forwarded money to PONCE VAZQUEZ or one of his co-conspirators.

b.      Using an alias, a member of the fraud conspiracy contacted a non-profit organization claiming that he wished to provide a large donation of a specified amount. Thereafter, the organization received in the mail what appeared to be a cashier's check from the supposed donor, but in excess of the promised amount. The arrival of the check was followed by a communication from the supposed donor asserting that the extra donation had been made in error and requesting that the balance of the check's purported value be sent to one or more individuals that he identified. In some instances, the checks were directed to PONCE VAZQUEZ, either in his own name, or in an alias's. In fact, the purported cashier's check was a forgery, and the donation never occurred.

3.      During the period in which PONCE VAZQUEZ participated in the scheme, it targeted numerous law firms and non-profit entities.

4.      As part of the scheme, PONCE VAZQUEZ opened bank accounts into which victim money was deposited, withdrew victim money from those accounts, and distributed that money to other members of the conspiracy. In many instances, PONCE VAZQUEZ opened bank accounts in assumed identities, using fraudulent passports and other government-issued forms of identification in false names to deceive bank employees. Once victim money had been deposited into accounts he controlled, PONCE VAZQUEZ withdrew it or wired it to his co-conspirators in short order, often within twenty-four or thirty-six hours of the money being deposited.

5.      For at least part of PONCE VAZQUEZ's participation in the scheme, he also generated and mailed the counterfeit cashier's checks on which the scheme relied. To disguise

the origins of the packages, PONCE VAZQUEZ printed false return addresses on the shipping labels.

## Count One

## (Mail Fraud – 18 U.S.C. § 1341)

6.     The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 5 of this Information and further charges that:

7.     On or about January 23, 2016, in the District of Massachusetts, the defendant,

**MANUEL PONCE VAZQUEZ,**
**a/k/a ANTOINE GERARD NOURRAIN,**
**a/k/a DANIEL DENNIS HENDRICKX,**

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting to do so, did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the United States Postal Service and by private and commercial carrier, specifically: a United States Priority Mail Express envelope containing a counterfeit cashier's check addressed to a law firm in Santa Clara, California.

All in violation of Title 18, United States Code, Section 1341.

4

## MAIL FRAUD FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney alleges that:

8.      Upon conviction of the offense in in violation of Title 18, United States Code, Section 1341, set forth in Count One of this Information, the defendant,

**MANUEL PONCE VAZQUEZ,**
**a/k/a ANTOINE GERARD NOURRAIN,**
**a/k/a DANIEL DENNIS HENDRICKX,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

9.      If any of the property described in Paragraph 8, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

      (a)      cannot be located upon the exercise of due diligence;

      (b)      has been transferred or sold to, or deposited with, a third party;

      (c)      has been placed beyond the jurisdiction of the Court;

      (d)      has been substantially diminished in value; or

      (e)      has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 8 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

5

CARMEN M. ORTIZ
United States Attorney

By: Brian A. Pérez-Daple
Assistant United States Attorney
U.S. Courthouse, Suite 9200
Boston, MA 02210

Dated: July 22, 2016